**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anastasia M Baker, | No. CV-19-02852-PHX-MTL |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Before the Court is Magistrate Judge Camille D. Bibles' Report and Recommendation ("R & R") (Doc. 27), recommending that the Petition for Writ of Habeas Corpus (the "Petition") (Doc. 1) be denied. The Court has reviewed the Petition (Doc. 1), Respondents' Response to the Petition (Doc. 7), Petitioner's Reply to the Response (Doc. 26), the R & R (Doc. 27), Petitioner's Objection to the R & R (Doc. 34), and Respondents' Reply to Petitioner's Objection (Doc. 35). For the reasons expressed below, the Court overrules Petitioner's objections and adopts the R & R as modified herein.

## I.      BACKGROUND

On December 20, 2010, a Maricopa County grand jury indicted Petitioner on one count of second-degree murder. (Doc. 8 at 18–19.) Following a six-day trial, a jury found Petitioner guilty of second-degree murder and further found the offense to be dangerous. (*Id.* at 22.) The trial court sentenced Petitioner to a term of 16 years' imprisonment. (*Id.* at 25.) Petitioner timely filed a direct appeal, arguing that: "(1) the trial court erred in denying her Rule 20 motion for judgment of acquittal, and (2) prosecutorial misconduct deprived

1   her of a fair trial." (*Id.* at 4.) *See State v. Baker*, No. 1 CA-CR-12-0025, 2013 WL 589004
2   (Ariz. Ct. App. Feb. 14, 2013). The appellate court affirmed Petitioner's conviction and
3   sentence on February 14, 2013. *Id.* at *5. Petitioner did not seek review of the decision by
4   the Arizona Supreme Court. (Doc. 8 at 98.) The mandate issued on May 6, 2013. (*Id.*)

5       On March 29, 2013, Petitioner, acting *pro se*, filed a state action for post-conviction
6   relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. (*Id.* at 100–01.)
7   Petitioner argued she was denied effective assistance of counsel. (*Id.* at 114–15.) Petitioner
8   further asserted that pre-trial issues, evidentiary issues, and trial errors entitled her to post-
9   conviction relief. (*Id.* at 103–04.) The trial court dismissed the petition for Rule 32 relief,
10  finding that Petitioner failed to demonstrate that her counsel's representation fell below an
11  objective standard of reasonableness and, but for counsel's alleged ineffectiveness, there
12  was a reasonable probability that the outcome of the case would have been different.
13  (Doc. 9 at 57.) The trial court also concluded Petitioner's assertions as to pre-trial issues,
14  evidentiary issues, and trial errors were without merit because the issues were not raised at
15  trial. (*Id.* at 55.) Petitioner sought review of the trial court's denial of Rule 32 relief.
16  (Doc. 10–5 at 2–5.) The Arizona Court of Appeals granted review but denied relief. *See*
17  *State v. Baker*, No. 1 CA-CR-15-0166, 2017 WL 1505897 (Ariz. Ct. App. Apr. 27, 2017).
18  On April 3, 2018, the Arizona Supreme Court denied review. (Doc. 10–6 at 2.)

19      On December 12, 2018, Petitioner filed a Motion for Production of Medical Records
20  in Arizona state superior court. (Doc. 34, Exs. A–B.) The Motion requested an order
21  directing the Maricopa County Attorney's Office to produce certain medical records related
22  to Petitioner's case and indicated that Petitioner needed the medical records "to properly
23  continue post-conviction proceedings." (Doc. 34, Ex. A ¶ 7.) The state court denied the
24  Motion on January 28, 2019. (Doc. 34, Ex. B.)

25      Petitioner then initiated this federal habeas proceeding. The Petition, signed on
26  April 30, 2019 and docketed on May 6, 2019, alleges that Petitioner is entitled to relief
27  because she was denied effective assistance of counsel. (Doc. 1 at 6.) Respondents argue
28  the Petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996

1  ("AEDPA") and that the state court properly denied Petitioner's ineffective assistance of

2  counsel claim. (Doc. 7 at 7–23.)

3  **II.    LEGAL STANDARD**

4  When reviewing a state prisoner's habeas corpus petition under 28 U.S.C. § 2254,

5  this Court "must decide whether the petitioner is 'in custody in violation of the Constitution

6  or laws or treaties of the United States.'" *Coleman v. Thompson*, 501 U.S. 722, 730 (1991)

7  (quoting 28 U.S.C. § 2254). The Court only reviews de novo those portions of the report

8  specifically objected to and "may accept, reject, or modify, in whole or in part, the findings

9  and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also*

10  Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the

11  magistrate judge's disposition that has been properly objected to."). The Court need not

12  "review . . . any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140,

13  149 (1985). A proper objection to a magistrate judge's R & R requires "specific written

14  objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If a

15  petitioner raises a general objection, "the Court is relieved of any obligation to review it."

16  *Martin v. Ryan*, No. CV-13-00381-ROS, 2014 WL 5432133, at *2 (D. Ariz. Oct. 24, 2014).

17  **III.   DISCUSSION**

18  The AEDPA establishes a one-year statute of limitations for filing a federal habeas

19  corpus petition. 28 U.S.C. § 2244(d)(1). The limitations period runs "from the latest date

20  on which: (1) direct review becomes final; (2) an unlawful state-created impediment to

21  filing is removed; (3) a new constitutional right is made retroactively available; or (4) the

22  factual predicate of the claims presented could have been discovered with due diligence."

23  *Lopez v. Att'y Gen. of Ariz.*, No. CV-17-03348-DJH, 2020 WL 7027561, at *4 (D. Ariz.

24  Nov. 30, 2020) (citing 28 U.S.C. § 2244(d)(1)(A)–(D)). The R & R concludes that the

25  Petition is time-barred under 28 U.S.C. § 2244(d)(1) and that neither statutory tolling,

26  equitable tolling, nor actual innocence saves the Petition. (Doc. 27 at 7–10.) Petitioner

27  makes the following objections to the R & R: (1) Petitioner's Motion for Production of

28  Medical Records statutorily tolled the AEDPA's limitations period; (2) Petitioner is

1    entitled to equitable tolling because she is incarcerated, "basically indigent," and the

2    "Arizona Department of Corrections maintains a very limited law library for inmates;" and

3    (3) the actual innocence exception applies to this case under the Castle Doctrine and

4    because Petitioner acted in self-defense.[1] (Doc. 34 at 2–3.)

5         **A.    Accrual**

6         After a de novo review, the Court finds that the AEDPA's limitations period expired

7    on March 25, 2019.[2] After her conviction, Petitioner filed a timely direct appeal. (Doc. 8

8    at 3.) The appellate court affirmed Petitioner's sentence and conviction on February 14,

9    2013. (*Id.* at 3–16.) An Arizona conviction becomes "final upon the expiration of the time

10   for seeking review of the Court of Appeals decision in the Arizona Supreme Court."

11   *Hemmerle v. Schriro*, 495 F.3d 1069, 1073–74 (9th Cir. 2007) (evaluating § 2244 finality

12   considering Arizona law). The last day for Petitioner to seek review of the appellate court's

13   decision was March 16, 2013. *See* Ariz. R. Crim. P. 31.21(b)(2)(A) ("A party must file a

14   petition for review no later than 30 days after the Court of Appeals enters its decision.").

15   Because that day was a Saturday, the deadline for Petitioner to seek review of the appellate

16   court's decision expired on March 18, 2013. *See* Ariz. R. Crim. P. 1.3(a)(2). Petitioner did

17   not seek review by the Arizona Supreme Court. (Doc. 8 at 98.) Thus, Petitioner's

18   conviction became final and the AEDPA's limitations period began to run on March 19,

19   2013. *See* 28 U.S.C. § 2244(d)(1)(A).

20        The limitations period ran for 10 days, until March 29, 2013, when Petitioner

21   initiated a state action for post-conviction relief, which statutorily tolled the statute of

22   limitations. (Doc. 8 at 100.) 28 U.S.C. § 2244(d)(2) ("The time during which a properly

23   filed application for State post-conviction or other collateral review with respect to the

24

---

25   [1] "Under the so-called Castle Doctrine, 'those who are unlawfully attacked in their homes
     have no duty to retreat . . . . They may lawfully stand ground instead and use deadly force

26   if necessary to prevent imminent death or great bodily injury, or the commission of a
     forcible felony.'" *State v. Barraza*, 209 Ariz. 441, 446 n.5 (App. 2005) (quoting Catherine

27   L. Carpenter, *Of the Enemy Within, the Castle Doctrine, and Self-Defense*, 86 MARQ. L.
     REV. 653, 656–57 (2003)). The Castle Doctrine is codified at A.R.S. § 13-411.

28   [2] In the R & R, the Magistrate Judge determined the statute of limitations expired on
     March 21, 2019. For the reasons discussed in this Order, the Court will modify the R & R
     to the extent that the limitations period expired on March 25, 2019, not March 21, 2019.

1   pertinent judgment or claim is pending shall not be counted toward any period of limitation

2   under this subsection."). On April 3, 2018, the Arizona Supreme Court denied review in

3   Petitioner's Rule 32 action. (Doc. 10–6 at 2.) Where, as here, an intermediate appellate

4   court's denial of Rule 32 relief is appealed to the Arizona Supreme Court, the date of the

5   Arizona Supreme Court's decision concludes the post-conviction process and terminates

6   the period of statutory tolling. *See Hemmerle*, 495 F.3d at 1077 (determining that, under

7   Arizona law, the date on which the Arizona Supreme Court denied a petition for review,

8   not the date on which the mandate issued, ended statutory tolling under § 2244(d)(1)); *see*

9   *also Martinez v. Ryan*, No. CV-15-00566, 2018 WL 3110045, at *3 n.3 (D. Ariz. June 25,

10  2018), *distinguishing Celaya v. Stewart*, 691 F. Supp. 2d 1046, 1053 (D. Ariz. 2010). The

11  remaining 355 days of the one-year limitations period began to run on April 4, 2018 and

12  expired on March 25, 2019. Thus, after an independent review, the Court agrees with the

13  Magistrate Judge that the Petition, signed April 30, 2019 and docketed May 6, 2019, was

14  not filed within the time allowed under the AEDPA.

15       **B.    Statutory Tolling**

16       The AEDPA requires statutory tolling during the pendency of "a properly filed

17  application for State post-conviction relief or other collateral review with respect to the

18  pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). Petitioner contends the limitation

19  period was statutorily tolled between December 12, 2018 and January 28, 2019, the time

20  in which her Motion for Production of Medical Records was pending in state court.

21  (Doc. 34 at 2.) The Motion sought an order directing the Maricopa County Attorney's

22  Office to produce certain medical records related to Petitioner's case and explained that

23  Petitioner needed the medical records to "properly continue post-conviction proceedings."

24  (*Id.*, Ex. A ¶¶ 2, 7.) Accordingly, the Motion "did not challenge [Petitioner's] conviction,

25  but simply sought material [she] claimed might be of help in later . . . proceedings."

26  *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009) (internal quotations omitted). If a

27  filing, like the Motion, "could toll the AEDPA limitations period, prisoners could

28  substantially extend the time for filing federal habeas petitions by pursuing in state courts

a variety of applications that do not challenge the validity of their convictions." *Id.* (quoting *Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir. 2001)). Thus, because the Motion does not challenge the validity of Petitioner's conviction or sentence, the AEDPA's statute of limitations was not statutorily tolled during the Motion's pendency. *See id.* (concluding a petitioner's discovery motion did not statutorily toll the AEDPA's statute of limitations); *Hodge*, 269 F.3d at 107 (denying AEDPA tolling during pendency of requests for materials that a petitioner "claimed might be of help in developing [a post-conviction] challenge"); *Pineda v. Trimble*, No. CV-12-2344, 2012 WL 2160964, at *1 (C.D. Cal. June 13, 2012) (concluding a petitioner's motion seeking records of a trial proceeding did not "toll the AEDPA's limitations period because it [did] not constitute 'a properly filed application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)"); *McCaffery v. Henry*, No. C-06-3832, 2008 WL 859455, at *4 (N.D. Cal. Mar. 28, 2008) (concluding that neither a motion for copies of the trial record nor a petition for a writ of mandate to compel a public defender to provide a copy of the trial record tolled the AEDPA's limitations period).

## C.    Equitable Tolling

In addition to statutory tolling, the AEDPA's limitations period may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is rarely available and "justified in few cases." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Generally, a petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). To satisfy the first element the petitioner "must show that [she] has been reasonably diligent in pursuing [her] rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing [her] claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020). The second element is met "only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing." *Id.* at 600.

Petitioner contends she is entitled to equitable tolling because she is incarcerated, indigent, and the Arizona Department of Corrections maintains a limited law library. (Doc. 34 at 2.) Petitioner has made no attempt to show that she diligently pursued her rights. *See Pace*, 544 U.S. at 418. Nor has Petitioner offered any analysis or explanation as to how the alleged conditions prevented or made it impossible for her to file the Petition on time. Unlike a complete denial of access to a law library or legal papers, "[o]rdinary prison limitations" are "neither 'extraordinary' nor [make] it 'impossible' for [a petitioner] to file [a] petition in a timely manner." *Ramirez*, 571 F.3d at 998. This is particularly true where, as here, the petitioner has timely filed other petitions for post-conviction relief and "offers no explanation of how or why [the limitations] made it impossible for [her] to file a timely § 2254 petition." *Id.* The Court further finds that Petitioner being indigent and incarcerated are not extraordinary circumstances that justify equitable tolling. *See Bermudez v. Lewis*, 58 F. App'x 268, 269 (9th Cir. 2003) (concluding a petitioner being "illiterate, indigent, [and] ignorant of the law . . . would not constitute extraordinary factors preventing timely filing"). Given that many federal habeas petitioners are both incarcerated and indigent, holding otherwise would allow the equitable tolling exception to swallow the limitations period rule. *See Spitsyn*, 345 F.3d at 799 ("[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."). Thus, the Court agrees with the Magistrate Judge that Petitioner is not entitled to equitable tolling.

### D.      Actual Innocence

"When an otherwise time-barred habeas petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial . . .,' the Court may consider the petition on the merits." *Stewart v. Cate*, 757 F.3d 929, 937 (9th Cir. 2014) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). "[T]o enable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless [she] persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find [her] guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (internal quotations omitted). A petitioner must establish factual innocence of

the crime, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). And "a claim of actual innocence must be based on reliable evidence not presented at trial. Given the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." *Shumway v. Payne*, 223 F.3d 982, 990 (9th Cir. 2000) (quoting *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)).

Petitioner argues the actual innocence exception applies in this case because she acted in self-defense and invoked the Castle Doctrine. (Doc. 34 at 2–3.) Petitioner contends "[t]he facts are uncontroverted that Petitioner was in her own residence, [] both Petitioner and [the victim] were stabbed, [] there were no eyewitnesses to the actual stabbings," and there "was no DNA analysis on the knife because of the mixtures of blood." (*Id.*) After a de novo review, the Court finds that Petitioner has not alleged adequate evidence to show that, had the evidence been presented at trial, no reasonable juror would have convicted her. *See McQuiggin*, 569 U.S. at 401. The Court thereby agrees with the Magistrate Judge that the record and pleadings in this case do not contain "evidence of innocence so strong that [the Court] cannot have confidence in the outcome of the trial." *Id.* Accordingly, the Court will not consider the merits of the Petition.

### E.   Certificate of Appealability

Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). Because this Court rendered the judgment denying the Petition, the Court must either issue a certificate of appealability or state why a certificate should not issue. *See id.* A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is made when the resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Upon review of the record in light of the standards for granting a certificate of appealability, the Court finds that a certificate shall not issue because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find that procedural ruling

debatable. *Id.* at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

**IV.    CONCLUSION**

Accordingly,

**IT IS ORDERED adopting** the Report and Recommendation (Doc. 27) with one modification: The AEDPA's limitations period expired in this case on March 25, 2019.

**IT IS FURTHER ORDERED denying** the Petition (Doc. 1) and **dismissing** it with prejudice.

**IT IS FURTHER ORDERED** declining to issue a certificate of appealability.

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment, terminating this case.

Dated this 23rd day of February, 2021.

Michael T. Liburdi
United States District Judge